# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CYNTHIA FRAZIER, | DOCKET NUMBER |
| Appellant, | DA-1221-23-0055-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: May 23, 2024 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

Cynthia Frazier, Ruston, Louisiana, pro se.

Raqueal Jones, Beryl Denise Torrence, and Linda C. Fleck, New Orleans, Louisiana, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as barred by the doctrine of res judicata. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the initial decision, in part, to find that five of the six alleged personnel actions were correctly dismissed as barred by the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

doctrine of res judicata, REVERSE the finding that one of the six alleged personnel actions is barred by res judicata, FIND that the appellant nonfrivolously alleged jurisdiction over such a claim, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant has filed several Board appeals against the agency since 2015, which are summarized in detail in the initial decision in this appeal. *Frazier v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-23-0055-W-1, Initial Appeal File (0055 IAF), Tab 13, Initial Decision (0055 ID) at 2-10. In September 2016, the appellant received an initial decision denying corrective action on the merits of an earlier IRA appeal, and she appealed that decision to the Board. *Frazier v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-15-0584-W-1, Petition for Review (0584 PFR) File, Tab 1. While her petition for review in the 0584 case was pending, she filed a motion in November 2016 requesting permission to file a new IRA appeal. 0584 PFR File, Tab 5. In November 2022,[2] the Board issued a final order affirming the initial decision in the 0584 appeal and forwarding the November 2016 motion to the regional office for docketing as a new IRA appeal. *Frazier v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-15-0584-W-1, Final Order at 2, 4 (Nov. 17, 2022); 0055 IAF, Tab 1. That resulted in this appeal.

¶3      In the meantime, the appellant filed another IRA appeal against the agency, which resulted in a December 10, 2018 initial decision denying corrective action on the merits. *Frazier v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-18-0034-W-2, Appeal File, Tab 26, Initial Decision (0034 ID). That decision became final in January 2019, when neither party filed a petition for review. *Id.* at 25.

---

[2] The Board lacked a quorum and was unable to issue decisions between January 2017 and March 2022.

¶4    Upon docketing of this appeal in November 2022, the administrative judge issued a jurisdictional order, to which the appellant did not respond. 0055 IAF, Tab 3. The agency filed a pleading, in part, seeking dismissal of the appeal for lack of jurisdiction because the appellant's claims had already been adjudicated on the merits in two prior IRA appeals, which had both resulted in final orders. 0055 IAF, Tab 6 at 7-10. The administrative judge issued a show cause order directing the appellant to explain why her claims should not be barred by res judicata or collateral estoppel. 0055 IAF, Tab 7. The appellant filed a response that did not address res judicata or collateral estoppel. 0055 IAF, Tab 11. She asserted that she had been subjected to continuing retaliatory harassment by the agency, continuing past 2016, and that the agency had wrongfully removed her in April 2022. *Id.* at 4-7, 19.

¶5    Thereafter, the administrative judge issued an initial decision dismissing the claims identified in the November 2016 motion as barred by the doctrine of res judicata. 0055 ID. He characterized the personnel actions as follows: (1) negative employment references; (2) lowered performance ratings; (3) removal of the appellant's supervisory duties and workspace; (4) refusal of the agency to reinstate those supervisory duties and move the appellant to a better workspace; (5) offering the appellant a demotion; and (6) hostile work environment. *Id.* at 13. He found that each of those claims had been adjudicated in prior appeals and were therefore barred from relitigation by res judicata. *Id.* at 12-13. He stated that, as to any new matters raised in the appellant's response to the show cause order falling outside the scope of the personnel actions listed above, i.e., the forwarded claims, the appellant may file a new appeal on those claims after exhausting her administrative remedies with the Office of Special Counsel (OSC). *Id.* at 15 & nn.7-8.

¶6    The appellant has filed a petition for review of the initial decision, and the agency has filed a response in opposition. *Frazier v. Department of Veterans*

*Affairs*, MSPB Docket No. DA-1221-23-0055-W-1, Petition for Review (0055 PFR), Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      On review, the appellant appears to raise objections to the administrative judge's findings in her prior appeals, for which there are final orders. 0055 PFR File, Tab 1 at 4-7. She also reasserts that she was subjected to a hostile work environment and lists general examples of the agency's alleged wrongdoing. *Id.* at 7-9. She does not make any specific challenges to the administrative judge's res judicata findings. *Id.* at 4-10.

<u>Res judicata bars some, but not all, of the appellant's claims.</u>

¶8      Under the doctrine of res judicata, a valid final judgment on the merits of an action bars a second action involving the same parties based on the same cause of action. *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 7 (2006), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007). Res judicata prevents relitigating issues that were, or could have been, raised in the prior action and it applies when the following criteria are met: (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties were involved in both cases. *Id.* The Board has previously applied res judicata to bar the relitigation of IRA appeals. *Id.*

¶9      As set forth above, the appellant alleged that the agency retaliated against her for protected whistleblowing in the following ways: (1) negative employment references; (2) lowered performance ratings; (3) removal of the appellant's supervisory duties and workspace; (4) refusal of the agency to reinstate those supervisory duties and move the appellant to a better workspace; (5) offering her a demotion; and (6) hostile work environment. 0055 ID at 13. The appellant has not challenged, and we find no reason to disturb, the administrative judge's

finding that res judicata bars claims 1-3, 5, and 6.[3]  *Id.* at 12-14.  We disagree with the administrative judge, however, that res judicata bars the fourth claim in its entirety.

¶10    In claim 4, the appellant alleges that the agency refused to reinstate her supervisory duties and move her to a better workspace in retaliation for the following alleged whistleblower disclosures or activity:  (1) a January 2013 email to several agency officials; (2) a July 2014 email to an agency director; (3) a December 2014 request for a Congressional inquiry; and (4) OSC activity since 2014.  0055 IAF, Tab 1 at 4-6.  In a September 22, 2016 initial decision in one of the appellant's earlier IRA appeals against the agency, an administrative judge noted that the appellant testified at a hearing that "she currently is not allowed to exercise timekeeping duties and exercise other supervisory duties even though she returned [from a prior detail]."  0034 ID at 13 n.10.  The administrative judge stated that the claim of failure to reinstate supervisory and timekeeping duties was not before her in that appeal and she did not adjudicate it.  *Id.*  Because the appellant did not receive a final decision on the merits of that claim, it is not barred by res judicata.[4]  *See Zgonc*, 103 M.S.P.R. 666, ¶ 7.

¶11    We next consider the appellant's claim that the agency moved her to an inferior office space.  0055 IAF, Tab 1 at 4-6; 0055 ID at 13.  The appellant received a final decision on the merits as to this claim in a prior IRA appeal.  0034 ID at 12-17.  The administrative judge in that appeal concluded that the appellant did not prove that the move to an inferior office space amounted to a personnel action protected by whistleblower protection statutes.  *Id.*  The initial

---

[3] The fact that an appellant raised a hostile work environment claim in an earlier appeal may not bar a later hostile work environment claim that is premised on different events. The appellant has not argued that the hostile work environment claim contained in her November 2016 filing is premised on different events than the hostile work environment claims adjudicated in her other IRA appeals.  0055 PFR File, Tab 1.

[4] We have also reviewed the appellant's 2015 IRA appeal and find that this claim was not adjudicated in that appeal.  *Frazier v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-15-0584-W-1, Final Order at 3 (Nov. 17, 2022).

decision in that appeal became final in January 2019, when neither party filed a petition for review. *Id.* at 25. We find that the elements of res judicata are met as to this claim because the decision was rendered by a forum with competent jurisdiction, the prior decision was a final decision on the merits, and the same cause of action and the same parties were involved in both cases. *See Zgonc*, 103 M.S.P.R. 666, ¶ 7.

<u>We find that the appellant has established Board jurisdiction over her claim and we remand for a hearing on the merits.</u>

¶12     Finding that res judicata does not bar the appellant's claim concerning the agency's purported failure to reinstate her supervisory duties, we next consider whether the appellant has established jurisdiction over such a claim.[5] The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The Board's regulations define a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

¶13     The appellant has alleged that the agency refused to reinstate her supervisory duties in retaliation for the following alleged whistleblowing: (1) January 2013 email to several agency officials; (2) July 2014 email to an agency director; (3) December 2014 request for a Congressional inquiry through a senator's office; and (4) OSC activity since 2014. 0055 IAF, Tab 1 at 4-7, 25.

---

[5] The administrative judge notified the appellant of her jurisdictional burden and she had an opportunity to respond to that notice. 0055 IAF, Tab 3. We may therefore decide the jurisdictional issue without remand. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (stating that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

*The appellant proved exhaustion.*

¶14 We begin our analysis with a discussion of exhaustion. An appellant must prove exhaustion over her claims by preponderant evidence. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 11; 5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1201.57(c)(1). An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC. *Chambers*, 2022 MSPB 8, ¶ 11. In this case, the appellant has submitted her initial OSC complaint, correspondence with OSC, and a September 2016 close-out letter. 0055 IAF, Tab 1 at 8-26. The alleged personnel action, i.e., failure to reinstate supervisory duties, and the alleged protected activity of prior OSC activity, are expressly noted in OSC's close-out letter. *Id.* at 25. The remaining alleged disclosures or activity, i.e., the January 2013 and July 2014 emails to agency officials and her request for a Congressional inquiry, are discussed in the appellant's correspondence with OSC. *Id.* at 23. We therefore find that the appellant has proved exhaustion over her claims.

> *The appellant has nonfrivolously alleged that she engaged in protected whistleblowing under 5 U.S.C. § 2302(b)(8), (9).*

¶15 The Board has previously found that the appellant's January 2013 and July 2014 emails constitute protected disclosures under 5 U.S.C. § 2302(b)(8), and that her prior OSC activity since 2014 constitutes protected activity under 5 U.S.C. § 2302(b)(9)(C). 0034 ID at 8-10 (finding the appellant established that her January 2013 email was a protected disclosure and that she engaged in protected activity by filing OSC complaints since 2014); *Frazier v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-15-0584-W-1, Initial Appeal File, Tab 26, Initial Decision (0584 ID) at 16-19 (finding the appellant established that her July 2014 email was a protected disclosure). We therefore find that she has nonfrivolously alleged jurisdiction over such disclosures and activity.

¶16 The appellant is collaterally estopped from asserting jurisdiction over her alleged disclosure concerning a December 2014 request for Congressional

inquiry.[6] Collateral estoppel, or issue preclusion, is appropriate when the issue is identical to that involved in the prior action, the issue was actually litigated in the prior action, the determination of the issue in the prior action was necessary to the resulting judgment, and the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). When an appellant fails to prove a claim by preponderant evidence in an earlier appeal, she is barred by collateral estoppel from asserting jurisdiction over the same claim in a second appeal. *Id.*, ¶ 16. That is the case here. In the 0034 appeal, the administrative judge found that the appellant failed to establish by preponderant evidence that her December 22, 2014 request for a Congressional inquiry was a protected disclosure under 5 U.S.C. § 2302(b)(8). 0034 ID at 10. The initial decision in the 0034 matter is now final. *Id.* at 25. In the 0034 appeal, the issue was adjudicated on the merits after a hearing and the determination that the request for a Congressional inquiry was not a protected disclosure was necessary to the resulting determination to deny corrective action. *Id.* at 10. The appellant had a full opportunity to litigate the matter as a party in the 0034 appeal. Therefore, we find the Board lacks jurisdiction over this alleged disclosure.

> *The appellant nonfrivolously alleged that she was subjected to a personnel action.*

¶17    To establish jurisdiction over a personnel action, an individual must nonfrivolously allege that she was subjected to a "significant change in duties, responsibilities, or working conditions." *Skarada v. Department of Veterans*

---

[6] Although the administrative judge did not address collateral estopped in the initial decision, we find that the appellant was on notice that collateral estoppel may preclude some of her claims and she had an opportunity to respond to such notice. 0055 IAF, Tab 7.

9

*Affairs*, 2022 MSPB 17, ¶¶ 14-15. In *Skarada*, 2022 MSPB 17, ¶¶ 13-18, the Board found that the appellant nonfrivolously alleged that he was subjected to a personnel action when, among other things, the agency removed some of his job responsibilities. The appellant's allegations are similar in this appeal. In an earlier appeal, the appellant asserted that the agency retaliated against her by subjecting her to a 90-day detail from her supervisory position in Nutrition and Food Services to the Nursing Service, in or around March 2015. 0055 ID at 2; 0584 ID at 5-6. The appellant appears to be alleging here that, upon the expiration of the detail, the agency refused to reinstate her former job duties, including timekeeping and other supervisory duties. 0034 ID at 13 n.10; 0055 IAF, Tab 1 at 7; 0055 PFR File, Tab 1 at 7. We find that the removal of supervisory job functions is sufficient to meet the nonfrivolous allegation standard to establish jurisdiction over a personnel action. *See Skarada*, 2022 MSPB 17, ¶¶ 13-18.

> *The appellant nonfrivolously alleged that at least one of her whistleblowing disclosures or activity was a contributing factor to the personnel action.*

¶18    We next proceed to the question of whether the appellant nonfrivolously alleged that her protected disclosure or activity was a contributing factor in the agency's decision to take the alleged personnel action. *See Salerno*, 123 M.S.P.R. 230, ¶ 5. To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure was one factor that tended to affect the personnel action in any way. *Skarada*, 2022 MSPB 17, ¶ 19. One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure

was a contributing factor in the personnel action. *Id.* The Board has held that a personnel action taken within 1 to 2 years of the appellant's disclosure satisfies the knowledge-timing test. *Id.*

¶19 The Board has held that, because the respondent in a corrective action appeal is the agency, not its individual officials, a lack of knowledge by a single official is not dispositive to the issue of contributing factor. *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 20. The Board will also consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the officials taking the action, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). Any doubt as to whether the appellant made a nonfrivolous allegation must be resolved in the appellant's favor. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 8 (2013).

¶20 In this case, and in her other Board appeals, the appellant has asserted that numerous agency officials, including Y.J. and J.L, among others, have subjected her to a continuing pattern of harassment since at least 2015. 0055 IAF, Tab 1 at 4-6; 0034 ID at 15-16 (discussing J.L.'s involvement in the alleged personnel actions); 0584 ID at 5-6 (identifying Y.J. as the official responsible for the March 2015 detail). Y.J., J.L., and other officials have testified at her prior Board hearings and therefore have actual or constructive knowledge of her protected activity and disclosures. 0034 ID at 15; 0584 ID at 26. The appellant has alleged that several agency officials have been involved in or condoned the March 2015 detail[7] and the subsequent refusal to reinstate her job duties, and that Y.J. and J.L. offered her a demotion in 2016 in lieu of reinstating her job duties. 0055 IAF, Tab 1 at 5.

---

[7] An administrative judge found that the appellant proved contributing factor with respect to the March 2015 detail. 0584 ID at 25-27.

¶21     The alleged failure to reinstate the appellant's supervisory duties, occurring in 2015 and 2016, is within 1 to 2 years of at least one of the alleged protected disclosures or activity. Further, it appears that at least some management officials with knowledge of her protected activity or disclosures are involved in, or have condoned, the failure to reinstate her supervisory duties. We therefore find that the appellant has nonfrivolusly alleged jurisdiction over her claim that the agency failed to reinstate her supervisory duties in or around 2015 and 2016 in retaliation for the following: (1) a January 2013 email to agency officials; (2) a July 2014 email to an agency director; and (3) her OSC activity since 2014. These claims are remanded for a hearing on the merits.

¶22     As a final matter, we acknowledge the appellant's argument on review that the agency has continued to harass her since 2016, through at least 2022, and we take this opportunity to clarify that this appeal is limited to the claims identified in this order. 0055 PFR File, Tab 1 at 4-10. As the administrative judge noted in his initial decision in this matter, the appellant may file a new IRA appeal regarding any claims that are outside the scope of this appeal after exhausting her administrative remedies with OSC. 0055 ID at 14-15. The Board makes no findings as to the timeliness of such claims.

## ORDER

¶23    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.